**Joe L. BROWN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 985S376.

Supreme Court of Indiana.

July 16, 1986.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Following a bench trial, Defendant-Appellant Joe L. Brown was convicted upon a charge of robbery, a class B felony, I.C. § 35–42–5–1, and sentenced to fourteen (14) years imprisonment. The sole issue presented in this direct appeal is whether the defendant personally waived trial by jury.

 The right to trial by jury in criminal cases is fundamental to American jurisprudence, and as such guaranteed by the federal and State Constitutions. See U.S. Const.Amend. VI; Ind.Const. Art. I, § 13; *see generally, Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. However, trial by jury is subject to knowing and intelligent waiver by the defendant, provided the record demonstrates such waiver was made in a voluntary manner with sufficient awareness of the surrounding circumstances and the consequences. *Doughty v. State* (1984), Ind., 470 N.E.2d 69, 70 and authorities cited; *see also, Good v. State* (1977), 267 Ind. 29, 366 N.E.2d 1169.

In *Doughty* and *Good* this Court concluded that the records did not sufficiently demonstrate the defendants' *personal* assents to waiver of jury trial. Both cases interpreted the criminal jury trial statute, I.C. § 35–1–34–1 (Burns Code Ed., 1975), subsequently recodified at I.C. § 35–37–1–2 (Burns 1985 Repl.), to require that the defendant's *personal* waiver of trial by jury be shown on the record.

 In the present case, the defendant erroneously contends that the record fails to demonstrate his personal assent to waiver of trial by jury. However, the record of a pretrial conference, which defendant personally attended, includes the following:

THE COURT: CR84–035E, Joe Brown.

MR. FAIRMAN: Okay, we have a Joe Brown Your Honor. Uh, if the Court will recall when last we were here, Mr. Brown was in the process of entering a guilty plea and then upon the recitation of facts Mr. Brown indicated facts which would cause uh, that perhaps he had a defense to this. Uh, for that reason we re-set this for pre-trial today in order to get a new trial date. I believe jury trial has already been waived in this case.

THE COURT: Okay. Does Mr. Brown still want to waive, wish to waive a jury trial.

MR. FAIRMAN: Yes, Judge. As a matter of fact Mr. Brown now states that he wishes to go forward with the guilty plea again. Okay. Uh, I don't uh, I may suggest, can we have a very quick trial setting in here and if he wants to go forward that morning he can. Okay. I know the Court can't today one way or the other.

THE COURT: Who is the Prosecutor on this?

MR. JENNINGS: Mrs. Trathen.

MR. FAIRMAN: Barb Trathen.

THE COURT: Alright, we will set this for 1st choice setting February 8th, at nine o'clock.

MR. FAIRMAN: Fine.

THE COURT: No final pre-trial.

MR. FAIRMAN: It's not necessary, Judge.

MR. JENNINGS: What was that date?

THE COURT: February 8th, nine o'clock. Unless you want a final pre-trial?

MR. FAIRMAN: No, Judge. Not necessary.

THE COURT: I mean, we've been through the final pre-trials and everything on this so… February the 8th.

MR. FAIRMAN: The case will be disposed of on that date one way or the other, okay. Thank you, Judge.

THE COURT: You did submit a jury trial waiver, did you not?

MR. FAIRMAN: Judge, that was some time ago. I believe we did, yes.

THE COURT: *And Mr. Brown you still wish to waive jury trial?*

DEFENDANT: *Yes sir.*

THE COURT: *Now you understand you do have a right to a public speedy trial by jury?*

DEFENDANT: *Yes sir.*

THE COURT: Okay. (Emphasis supplied.)

Because the transcript sufficiently demonstrates defendant's personal waiver of trial by jury, we find no error.

Judgment of the trial court affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.