**Brian VUKADINOVICH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 37A03–8712–CR–00342.

Court of Appeals of Indiana, Third District.

June 16, 1988.

Calvin K. Hubbell, Law Offices of Calvin K. Hubbell, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

After a bench trial Brian Vukadinovich was convicted of resisting law enforcement, a class A misdemeanor, and no valid operator's license, a class C infraction.[1]

---

1. *See* West's AIC 35–44–3–3(a)(1) (resisting law enforcement); and West's AIC 9–1–4–26(a) (no valid operator's license). Vukadinovich was originally charged with operating a motor vehicle with a suspended license. The driving while suspended charge was amended at the outset of the trial to a charge of no valid operator's license.

He was sentenced to one year's imprisonment, suspended to thirty days to be served on consecutive forty-eight hour weekends, and fined $50.00 plus court costs for resisting law enforcement.[2] He was additionally fined $1.00 plus court costs for operating a motor vehicle without a valid operator's license.[3] The issue for this court's review is:

Whether the trial court committed fundamental error in denying Vukadinovich's request for a jury trial?

Reversed.

On October 8, 1986, Vukadinovich was present at the scene of an automobile accident in rural Jasper County, Indiana. In their efforts to clear the area for emergency medical personnel, police officers at the scene asked everyone who was not a family member of those involved in the accident to return to their vehicles. Vukadinovich failed to leave as requested and was specifically asked three more times by a police officer who had bumped into him to leave the scene. After the third request, Vukadinovich swore at the officer, returned to his vehicle and left the scene of the accident.

One week later, Vukadinovich was charged with resisting law enforcement and driving with a suspended license. A police check with the Indiana Bureau of Motor Vehicles indicated that Vukadinovich did not have a valid operator's license for his car, although he had paid a fee for an operator's license on September 29, 1986.

Vukadinovich appeared *pro se* at the arraignment held on October 20, 1986, and plead not guilty to both charges. Vukadinovich executed a form entitled "Your Rights" which *inter alia* advised him of his right to a jury trial. The trial court ascertained that Vukadinovich had read and understood the contents of the document, advised him of his right to an attorney, and

scheduled an "Omnibus/bench hearing" for January 19, 1987.

After a continuance on the trial court's own motion, the cause proceeded on February 9, 1987. Again without counsel, Vukadinovich appeared at the "Omnibus/bench hearing" and submitted a handwritten jury demand and a handwritten motion to produce. On the same date, the trial court denied the jury demand, stating that the statutory time limit had expired.[4] However, the motion to produce was granted, and the cause set for March 27, 1987.

On February 19, 1987, Calvin K. Hubbell, Attorney at Law, entered his appearance on behalf of Vukadinovich. The cause was continued to June 5, 1987 and, in the absence of further jury demands tendered by Vukadinovich, proceeded by bench on that date.

Vukadinovich raises the issue of whether the trial court committed fundamental error in denying his jury demand. Specifically, he contends that the trial court never advised him of the consequences of failing to demand a trial by jury not later than ten days prior to the trial date, and that this omission dictates reversal. We agree.

Because this case involves a misdemeanor offense, we refer to Indiana Rules of Procedure, Criminal Rule 22, adopted January 1, 1981, which states:

A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefore not later than ten (10) days before his scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date

---

2. West's AIC 35–50–3–2.

3. West's AIC 34–4–32–4(c), (e).

4. Neither of the parties to this action provides a definite statement of meaning for the term "Omnibus/bench hearing" as utilized in local practice, nor does either party delineate the proceedings understood to be included thereunder.

However, for the trial court's refusal of Vukadinovich's jury demand to make sense, we must conclude that the "Omnibus/bench hearing" was an intended trial setting, and that the court was invoking the "10–day rule" of C.R. 22, *infra*, in finding that the jury demand was untimely made.

and of the consequences of his failure to demand a trial by jury.

We have previously addressed the issue of whether the provisions of C.R. 22 require that a defendant be specifically advised of the "10–day rule" included therein. Our decisions have consistently held that it is fundamental error for a court to deny a defendant a jury trial without eliciting a waiver from him personally. A valid waiver cannot be made pursuant to C.R. 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date. *See Casselman v. State* (1985), Ind.App., 472 N.E.2d 1310; *Suits v. State* (1983), Ind.App., 451 N.E.2d 375; *Wilson v. State* (1983), Ind. App., 453 N.E.2d 340.

In the instant case, the record shows that Vukadinovich was generally advised of his right to a jury trial by the document entitled "Your Rights." However, that document made no mention of the C.R. 22 "10–day rule" or the consequences of failing to adhere to it. The State concedes that the trial court similarly failed at any point to advise Vukadinovich of the statutory time constraints limiting his right to a trial by jury. The trial court failed to adhere to the provisions of C.R. 22. Consequently, we are constrained to find that Vukadinovich did not waive his right to a jury trial, and that the trial court committed fundamental error in denying his attempted exercise of that right.

The State contends that since Vukadinovich failed to resubmit his jury demand for the June 5 setting no error was committed, apparently arguing that the continuance of the trial date resurrects the defendant's right to a jury trial and negates the trial court's previous ruling on the matter. However, the State fails to direct our attention to authority supporting its argument,

and we find no basis in law for requiring repetitive motions on a decided issue.[5]

REVERSED.

GARRARD, P.J., and HOFFMAN, J., concur.

---

**5.** Even if Vukadinovich had never submitted a written jury demand, we would be required to reverse his convictions. *See Wilson v. State, supra* at 342 ("While we do not condone the defendant's failure to appear at not one, but two previously set trial dates, we still must conclude that where the defendant is not advised by the court as required by the rule, *his failure to request a jury trial cannot be deemed a waiver*"); and *Casselman v. State, supra* at 1311 ("... waiver of such a fundamental right cannot be presumed from a silent record.") (Our emphasis.)