**Racene HANNA–WOMACK, Appellant–Defendant Below,**

**v.**

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 57A03–9302–CR–50.**

Court of Appeals of Indiana,
Third District.

Nov. 15, 1993.

Linda M. Wagoner, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Racene Hanna–Womack appeals her conviction on two counts of dealing marijuana, a class A misdemeanor.[1] On appeal, Hanna–Womack raises three issues for our review, only one of which we must address. The issue dispositive of this appeal is whether Hanna–Womack knowingly and voluntarily waived her right to a jury trial.

We reverse and remand for a new trial.

The facts most favorable to the judgment reveal that on two separate occasions in October 1991, a confidential police informant went to Hanna–Womack's apartment and purchased marijuana. Hanna–Womack was subsequently arrested, charged and convicted after a bench trial of two counts of dealing marijuana.

■ Because Hanna–Womack was charged with misdemeanor offenses, Indiana Criminal Rule 22 applies, stating in pertinent part:

---

**2.** Ind.Code § 35–46–1–5(d) dictates in relevant part "[I]t is a defense that the accused person was unable to provide support."

**1.** IND.CODE 35–48–4–10 (Supp.1992).

A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefore not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury ...[.]

In applying this rule, this court has stated:

Our decisions have consistently held that it is fundamental error for a court to deny a defendant a jury trial without eliciting a waiver from him personally. A valid waiver cannot be made pursuant to C.R. 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date.[2]

*Vukadinovich v. State* (1988), Ind.App., 529 N.E.2d 837, 839. The court of appeals cannot infer a knowing and intelligent waiver from a record that does not demonstrate the defendant's personal choice. *Zakhi v. State* (1990), Ind.App., 560 N.E.2d 683, 685.

■ A careful reading of the record reveals that Hanna–Womack's right to jury trial was briefly addressed by the trial court on two occasions. At her initial hearing, the trial court read Hanna–Womack a statement of rights, which contained the following passage:

You do have the right to a speedy and public trial by court or by jury in the county in which the offense was allegedly committed.

Record, p. 66. Hanna–Womack's right to jury trial was again summarily mentioned at the pre-trial hearing, in which the trial judge stated:

... I'm going to, ah, set this matter for a trial then. Ah, since these are misdemeanors they would be set for bench trial then unless a jury trial were, were [sic] demanded.

Record, p. 76. Nothing in the record indicates that Hanna–Womack personally waived her right to a jury trial, either verbally or in writing. Further, there is no indication that Hanna–Womack was advised by counsel of the consequences of her failure to demand a jury trial. *Zakhi, supra.*

Because the record is devoid of any written or verbal waiver of the jury trial right by Hanna–Womack, or even advice regarding waiver by her attorney, we conclude that under the above standard she did not knowingly or voluntarily waive her right. The State's failure to receive the required knowing and voluntary waiver demands that her conviction be reversed and a new trial granted. Because a new trial is required, it is unnecessary to address the remaining issues raised by Hanna–Womack.

Reversed and remanded for new trial.

HOFFMAN and CHEZEM, JJ., concur.

---

**2.** The State argues that *Vukadinovich* is distinguishable because in *Vukadinovich*, the defendant actually filed a demand for jury trial which was denied as untimely. However, this court specifically rejected the distinction, stating, "Even if Vukadinovich had never submitted a written jury demand, we would be required to reverse his convictions." *Vukadinovich, supra* at 839, n. 5.