Stephen HADLEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9312–CR–450.

Court of Appeals of Indiana, Fifth District.

June 23, 1994.

Transfer Denied Aug. 23, 1994.

Pequita Jay Buis, Buis Conn & Associates, Indianapolis, for appellant.

Pamela Carter, Atty. Gen. of Indiana, Jodi Kathryn Rowe, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

After a bench trial Stephen Hadley was convicted of battery as a class A misdemeanor. On appeal he phrases the issue as follows: whether waiver of the right to a jury trial in a misdemeanor case can be presumed when the Defendant is neither informed of the time limits for asserting the right nor advised of the consequences of failing to comply with the time limits.

We affirm.

On July 15, 1992, Hadley was arrested following an altercation outside an Indianapolis bar. He had struck a female employee of the bar in the head with a baseball bat. The following day Hadley was charged with battery as a class A misdemeanor and taken before the judge of the Marion municipal court for an initial hearing. At the hearing Hadley was given a form entitled "Municipal Court of Marion County Initial Hearing Rights." Paragraph five of the eight-paragraph document dictated:

> You have the right to a trial by jury. If you wish to have a trial by jury, you must make your request at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive you[r] right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney.

*Record* at 8. Hadley signed and dated the bottom of the form immediately beneath the sentence "I have read these rights and believe that I understand them." *Id.* Because he made no request for a jury trial Hadley was tried before the bench on January 28, 1993. In spite of his claim of self defense, Hadley was found guilty as charged. This appeal ensued in due course.

■ Hadley contends the trial court erred by trying him without the benefit of a jury. According to Hadley, the record is silent concerning whether or not he understood he had a right to a jury trial, whether he had the opportunity to read the form he signed, or whether he is literate in reading the English language. In support of his argument Hadley cites cases standing for the proposition that waiver of the right to trial by jury may not be presumed from a silent record, *see, e.g., Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827, and that in order for a form written waiver of the right to a jury trial to be effective, the record must disclose that the defendant could read, did read, and understood the rights

enumerated therein. *See, e.g., Slone v. State* (1992), Ind.App., 590 N.E.2d 635.

■■■ The cases Hadley relies upon are not applicable here because each involves a defendant foregoing a trial and pleading guilty. In the case before us Hadley did not plead guilty. Rather, he was tried before the bench. When a defendant pleads guilty either to a felony or a misdemeanor, he waives three federal constitutional rights: right to confront accusers, right to trial by jury, and privilege against compulsory self-incrimination. *See Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712. However, before a waiver of those rights is deemed constitutionally permissible the defendant must be aware of them and understand them. *Hunt v. State* (1986), Ind. App., 487 N.E.2d 1330. And the trial judge must make an independent determination, based on the record, that the defendant's plea was entered voluntarily and knowingly. *Williams,* 325 N.E.2d at 833. Where a "form" waiver of constitutional rights is involved, the trial court must satisfy itself that the defendant could read, did read the form, and understood the rights he was waiving. *Hunt,* 487 N.E.2d at 1335.

■■■ Essentially, in the context of a guilty plea a defendant's waiver of the right to trial by jury is an affirmative act. The case authority makes clear that the act must be done knowingly and voluntarily. In like fashion when a defendant is charged with a felony offense and proceeds to a bench trial, the waiver of a trial by jury is also an affirmative act. This is so because a person charged with a felony has an automatic right to trial by jury unless he or she waives the right. Thus, it is preferable, although not constitutionally required, for the trial court by way of an on-the-record hearing, to advise the defendant of his right to trial by jury and the consequences of waiving that right. *Hutchins v. State* (1986), Ind., 493 N.E.2d 444.

■■■ In contrast although a misdemeanant has a constitutional right to trial by jury, the right is not self executing. Rather, the right is governed by Ind.Criminal Rule 22 which dictates in relevant part:

A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Hence, unlike a person charged with a felony or a person entering a plea of guilty, a misdemeanant's act of omission will result in waiver of a trial by jury. Neither the United States constitution nor the Indiana constitution imposes a duty on the trial court to inquire of a misdemeanant his reason for failing to request a jury trial.

■ The relevant inquiry is whether the defendant is fully informed of his right to a trial by jury and the consequences for failure to exercise that right. *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351, *trans. denied.* The defendant is deemed so informed when a written advisement is given fully explaining the right to trial by jury and the defendant has an opportunity to raise any questions with the trial court. *Id.; Combs v. State* (1989), Ind.App., 533 N.E.2d 1241 *trans. denied; Liquori v. State* (1989), Ind.App., 544 N.E.2d 199.

The record here shows that at the initial hearing Hadley was given and signed a form advising him of various rights including the right to trial by jury. The form included an admonishment that if a jury trial were not requested at least ten days prior to trial, then the right to trial by jury would be waived. The record also reveals the trial judge read Hadley the charging information and advised him of the maximum penalty. Hadley engaged the trial judge in a brief colloquy attempting to explain the circumstances surrounding the charge. Hadley also advised the trial judge that he lacked funds to hire his own attorney. As a result the trial judge assigned Hadley court appointed counsel. At no time did Hadley mention that he could not read the English language or that he did not read and understand the form

he had signed. Because Hadley never requested trial by jury, his right to be so tried was waived. We find no error.

Judgment affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

The written advisement given Hadley comports with the requirement that one accused of a misdemeanor be advised of his right to trial by jury. In *Eldridge v. State* (1994) 2d Dist.Ind.App., 627 N.E.2d 844, we interpreted *Hanna–Womack v. State* (1993) 3d Dist. Ind.App., 623 N.E.2d 439, and stated that the record must:

> "[R]eflect that a defendant charged with a misdemeanor be fully advised of the right to a trial by jury and of the effect of the failure to assert that right and that it reflect that the defendant was capable of reading a written advisement and of understanding the advisement, whether it be written or oral. Such a record is necessary to support the inference that the waiver was personal when the waiver is based upon the defendant's failure to make a timely request for a trial by jury. Thus, the decision in *Hanna–Womack* is consistent with this opinion because the record was devoid of any indication that Hanna–Womack was advised of the consequences of her failure to timely demand a jury trial."

The advisement here comports with that requirement. For this reason, I concur in the decision affirming the conviction.