John POORE, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9507–CR–377.

Court of Appeals of Indiana.

May 29, 1996.

Transfer Granted Aug. 6, 1996.

Pequita Jay Buis, Buis & Associates, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant John Poore appeals his convictions for Residential Entry,[1] a Class D felony, and Criminal Mischief,[2] a Class A misdemeanor. Specifically, Poore contends that: (1) he did not knowingly, voluntarily and intelligently waive his right to a jury trial and (2) the evidence was insufficient to support his convictions.

### FACTS

The facts most favorable to the judgment are that on September 1, 1994, the trial court entered a decree dissolving Poore's marriage to Mary Katherine Fleming. On September 12, 1994, Fleming told Poore that their marriage had been dissolved and asked him to remove his belongings from her home. Although Poore complied with Fleming's request, he returned to the home on September 15, 1994, to speak with Fleming. When Poore arrived at the home, Fleming would not let him in the house. As a result, Poore began screaming and kicking the front door. Record at 72. At that time, Fleming told Poore that he was not welcome in her home.

1. IND.CODE § 35–43–2–1.5.

R. at 74, 76. Nevertheless, Poore threw a flower pot through the window, kicked the front door open and entered Fleming's home. R. at 74–76. In total, Poore caused approximately $2,000.00 in damage to Fleming's home.

On September 16, 1994, the State charged Poore with residential entry, a Class D felony, and criminal mischief, a Class A misdemeanor. On September 20, 1994, the trial court held an initial hearing at which Poore signed an "Initial Hearing Rights" form which indicated that Poore had a right to a trial by jury on the misdemeanor charge and that failure to request a jury trial within ten days prior to the trial date constituted a waiver of that right. Poore signed and dated the form following the statement: "I have read these rights and believe that I understand them." R. at 38. Poore did not file a written demand with the trial court requesting a trial by jury on the misdemeanor charge. Thereafter, on October 3, 1994, Poore signed a written waiver of his right to a jury trial. Following a bench trial, Poore was convicted as charged and sentenced on March 1, 1995, to three years imprisonment for residential entry and one year for criminal mischief, to be served consecutively for a total sentence of four years imprisonment.

### DISCUSSION AND DECISION

#### I. Waiver of Jury Trial

Poore contends that he did not knowingly, intelligently and voluntarily waive his right to a jury trial. A defendant can waive the right to a jury trial only if the waiver is made knowingly, intelligently, and voluntarily, and with sufficient awareness of the surrounding circumstances and consequences. *Brown v. State*, 495 N.E.2d 178, 179 (Ind.1986). The defendant must personally express waiver either in writing or in open court, and the waiver must be memorialized in the court's record. *Goody v. State*, 587 N.E.2d 172, 172 (Ind.Ct.App.1992), *trans. denied.* The court cannot infer waiver from the trial court's record when the record does

2. IND.CODE § 35–43–1–2.

not reflect the defendant's personal choice. *Id.*

## A. Misdemeanor Charge

█ The exercise of the right to a jury trial in misdemeanor cases is controlled by Ind.Crim.Rule 22 which provides:

> A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver of him by a trial by jury.

Thus, by the terms of C.R. 22, a defendant charged with a misdemeanor who fails to make a timely jury request waives the right to a trial by jury if that defendant has been advised in a timely manner of both the right to a jury trial and the consequences of failing to make a timely demand. *Eldridge v. State,* 627 N.E.2d 844, 847 (Ind.Ct.App.1994), *trans. denied.* The defendant's waiver, however, must be voluntary, knowing, intelligent, and personal. *Brown,* 495 N.E.2d at 178.

█ In the instant case, the record reveals that Poore signed an "Initial Hearing Rights" form that specifically advised him that he had a right to a trial by jury and that he would waive that right if he did not request a trial by jury at least ten days prior to the date scheduled for trial. A record which contains the necessary advice in writing is sufficient to establish that a waiver is knowing. *Eldridge,* 627 N.E.2d at 847. The record reflects that Poore was fully advised and, therefore, that his waiver was knowing as far as the misdemeanor charge was concerned. Our inquiry, however, does not end here. In order for Poore's waiver to stand, the record must show that Poore was capable of reading and understanding the advisement contained in the "Initial Hearing Rights" form. *See id.* at 848, n. 3. Here, the record reveals that at his initial hearing, Poore asked, with respect to a no-contact order, "Do you want me to sign something?" R. at 53. The trial judge responded: "Uhn uh. I want you to read it first." R. at 53–54. The bailiff then reemphasized "Read over it first. Here is a clip board with a pen on the top of it and you can

have a seat in the chairs." R. at 54. At no time did Poore inform the court that he could not read or that he did not understand the no-contact order or the "Initial Hearing Rights" form that he later signed. As in *Hadley v. State,* 636 N.E.2d 173, 175–76 (Ind. Ct.App.1994), *trans. denied,* because Poore failed to assert that he could not read or understand the order or the form, he has failed to show that he was not fully informed of his right to a trial by jury and the consequences for failure to exercise that right.

The final inquiry is whether the record reflects that Poore's waiver was personal. In a misdemeanor charge, waiver may occur from an act of omission, that is, from the failure to timely request a trial by jury. *Eldridge,* 627 N.E.2d at 847. In that situation, the record will never reflect an explicit personal waiver. *Id.* at 847–48. Rather, the personal nature of the waiver is inferred from the defendant's failure to assert the right coupled with the evidentiary basis for the determination that the waiver is voluntary, knowing, and intelligent. *Id.* at 848. Here, the record reveals that Poore failed to request a trial by jury in a timely manner. The record further supports a determination that Poore's waiver was voluntary, knowing, and intelligent. Thus, Poore personally waived his right to a jury trial. Therefore, the trial court properly determined that Poore knowingly and intelligently waived his right to a trial by jury as it relates to the misdemeanor charge.

█ Although we feel compelled, by the doctrine of stare decisis, to follow our decision in *Hadley,* 636 N.E.2d 173, we believe that the better practice would be for a trial court's record to affirmatively reflect that a defendant has read and understood the "Initial Hearing Rights" form. We believe that this practice would serve to protect those individuals who are unable to read and understand the "Initial Hearing Rights" form, yet are either too intimidated or embarrassed to say so. We are, however, cognizant of the fact that to change the rule in this instance would have consequences beyond this particular case. Therefore, we hold that this practice is not to be applied retroactively. Rather, as of June 1, 1996, we will expect

a misdemeanor court's record to reflect affirmatively that a defendant has read and understood the "Initial Hearing Rights" form. This requirement will have little if any delaying impact on the judicial process but will insure that every defendant is cognizant of all of his rights as set forth in the "Initial Hearing Rights" form, especially a right as important and fundamental as the right to a trial by jury.

### B. Felony Charge

■ As to the felony charge, a person charged with a felony need not request a jury trial to preserve the right; a putative felon has an automatic right to a jury trial unless he expressly waives it. *Eldridge*, 627 N.E.2d at 846. Therefore the conduct constituting the waiver is that of action, not omission. However, as in misdemeanor cases, waiver of the right to a jury trial in a felony case must be voluntary, knowing, intelligent, and personal. *Id.* at 848.

■ The record in the instant case fails to establish the elements of an intelligent, knowing, and personal waiver of the right to a jury trial on the residential entry charge. Here, although Poore signed a written waiver of his right to a jury trial, the record does not contain any evidence that Poore was properly advised that he had an absolute right to a jury trial in a felony case. Further, the "Initial Hearing Rights" form executed by Poore cannot constitute a valid waiver because it misinforms Poore of the nature of that right as it pertains to a felony. Although Poore's familiarity with the criminal justice system weakens his claim that he did not understand the consequences of his waiver, from these facts, we are compelled to find that Poore did not knowingly and intelligently waive his right to a jury trial on the felony charge. In conclusion, we find that Poore waived his right to a trial by jury as it relates to the misdemeanor charge. However, because we are compelled to find that Poore did not knowingly and intelligently waive his right to a jury trial on the felony charge, we must reverse his conviction for residential entry and remand for a new trial on that charge.

### II. Sufficiency of the Evidence

■ Poore contends that the evidence was insufficient to sustain his convictions. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Landress v. State*, 600 N.E.2d 938, 940 (Ind.1992). Rather, we examine only the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, and if there is substantial evidence of probative value to support the conviction it will not be set aside. *Id.*

■ First, Poore maintains that the evidence was insufficient to sustain his conviction for criminal mischief. A person commits criminal mischief when he "recklessly, knowingly, or intelligently damages ... property of another person without the other person's consent." I.C. § 35–43–1–2. Criminal mischief is a Class A misdemeanor if the act of mischief causes more than $250.00 in damage. I.C. § 35–43–1–2(a)(1)(A)(i). Here, the evidence most favorable to the judgment reveals that Poore threw a flower pot through a window in Fleming's home causing over $250.00 in damages. Although Poore argues that he accidentally knocked the flower pot over as a result of allegedly being struck on the head with a lead pipe while entering the home, he is simply asking us to reweigh the evidence, which we cannot do. Thus, we believe that the evidence is sufficient to support his conviction for criminal mischief.

■ Next, because a new trial is warranted, we must address Poore's sufficiency argument regarding residential entry to determine whether double jeopardy precludes a new trial. *See Miller v. State*, 575 N.E.2d 272, 276 (Ind.1991). A person commits residential entry when he "knowingly or intentionally breaks and enters the dwelling of another person." I.C. § 35–43–2–1.5. Here, as we stated in the *FACTS* section, when Poore arrived at Fleming's home, she told Poore that he was not welcome in her house. Nevertheless, Poore kicked the front door open and entered Fleming's home. Although Poore argues he had permission to enter the home, he is simply asking us to reweigh the evidence, which we cannot do. Thus, we

believe that the facts, as viewed most favorable to the judgment, are sufficient to support Poore's conviction for residential entry.

Affirmed in part, reversed in part and remanded for a new trial.

NAJAM and SULLIVAN, JJ., concur.