Scott L. **MALONEY**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 92A03–9603–CR–85.

Court of Appeals of Indiana.

Nov. 26, 1996.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Scott L. Maloney signed a waiver of rights form which had been distributed *en mass* to a group of defendants. After signing the form, he pled guilty to operating a motor vehicle while intoxicated, a Class A misdemeanor. Later, he petitioned for post-conviction relief. The petition was denied. He appeals and raises this issue:

Did the trial court commit reversible error when it failed to have personal interaction with Maloney during the advisement of his rights.

We conclude that the trial court erred, and we reverse.

Maloney contends that his *Boykin*[1] rights were violated. Before he pled guilty, he was not advised by the judge of his right to a jury trial or to confront and cross-examine the witnesses against him. While standing before the trial court en mass with other charged defendants, he signed the waiver of rights form which had been distributed.

There is nothing in the record which indicates any interaction between Maloney and the trial judge. There is nothing in the record to indicate that Maloney made a personal choice to enter a plea of guilty. *Hanna–Womack v. State*, 623 N.E.2d 439, 440 (Ind.Ct.App.1993), *reh. denied* (citing *Zakhi v. State*, 560 N.E.2d 683, 685 (Ind.Ct.App. 1990)).

In *Greene v. State*, 670 N.E.2d 38 (Ind.Ct. App.1996), I dissented and urged that the Indiana Supreme Court overrule *Poore v. State*, 666 N.E.2d 415 (Ind.Ct.App.1996), *trans. granted* and *Hadley v. State*, 636 N.E.2d 173 (Ind.Ct.App.1994), *trans. denied. Poore* and *Hadley* have many of the same defects that exist in Maloney's appeal. Judge Riley now joins me in recognizing these defects and in establishing a conflict between the previously cited opinions and this opinion. Ind. Appellate Rule 11(B)(2)(c).

Our decisions have consistently held that it is fundamental error for a court to deny a defendant a jury trial without eliciting a waiver from him personally. A valid waiver cannot be made pursuant to C.R. 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date.

*Hanna-Womack, supra,* at 440 (quoting *Vukadinovich v. State*, 529 N.E.2d 837, 839 (Ind.Ct.App.1988)).

The record must reflect that Maloney was fully advised of his rights. It must show that he was capable of reading a written advisement and of understanding the advisement. This showing on the record must be made whether the advisement is substantially oral or written. *Eldridge v. State*, 627 N.E.2d 844, 848 n. 3 (Ind.Ct.App.1994), *trans. denied.*

None of the basic advisements were personally given to Maloney. There is absolutely no interaction between the trial judge and Maloney regarding his rights under *Boykin* or Ind.Crim. Rule 22. The herd of defendants were given waiver forms to sign. Maloney signed his without being fully aware of the consequences. Maloney's state of mind

---

1. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

is critical at the time of his advisement. There can be no turning back of the clock and suppositions made as to what was or should have been. The record must be clear that at the time of advisement Maloney made a personal choice and understood that choice.

Our system of criminal justice should not be viewed as callous or indifferent to an individual's rights. Nor should those individual rights be demeaned by en mass advisements which bypass the individual's personal choice to waive those rights.

Maloney's conviction is reversed and a new trial granted.

RILEY, J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

I respectfully dissent although I agree that in misdemeanor cases, preferred practice calls for the trial court to directly inquire of the defendant before accepting a guilty plea whether the defendant signed the waiver of rights form and whether he understood it. Asking those questions and securing answers on the record not only helps to insure that an ensuing guilty plea was knowingly and intelligently entered, it dissipates any future doubt about the plea.

Even so, there is no basis for reversal in the present appeal. Unlike *every* case cited by the majority, this case is an appeal from the denial of post-conviction relief.

I.C. 35–35–1–1(b) expressly provides that, "A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver." It is undisputed that Maloney signed such a waiver and that it adequately advised him concerning the rights that he now contends the court failed to convey to him.

In cases seeking post-conviction relief it is hornbook law that the petitioner bears the burden of proof and that on appeal we will not reverse unless the evidence is without conflict and leads inescapably to the conclusion opposite that reached by the trial court. *See, e.g.,* Ind.Post–Conviction Rule 1, Sec.5; *Williams v. State,* 525 N.E.2d 1238 (Ind. 1988).

In *White v. State,* 497 N.E.2d 893 (Ind. 1986) our supreme court reconsidered its position taken in *German v. State,* 428 N.E.2d 234 (Ind.1981) concerning the adequacy of advice given defendants in criminal cases before the acceptance of a guilty plea. The court quoted with approval from the Seventh Circuit that in cases involving collateral attacks on guilty pleas, "[m]atters of reality, and not mere ritual, should be controlling." 497 N.E.2d at 904. Additionally, the court observed that "[r]outine reversal of convictions on technical grounds imposes substantial costs on society." 497 N.E.2d at 905. The court held that a petitioner claiming an involuntary and unintelligent plea should plead specific facts from which the court might properly conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry rendered the decision involuntary or unintelligent. In order to present a colorable claim for relief, defendants were called upon to show they were *actually* misled by the judge, the prosecutor or defense counsel, except for those rights guaranteed by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) where waiver might not be presumed from a silent record.

In the present case the failure relied on by Maloney does concern the rights protected by *Boykin.* But the record is *not* silent. It contains the written advisement and waiver signed by Maloney. The commencement admonished: "READ VERY CAREFULLY— IF UNCERTAIN AS TO ANY ITEM, ASK THE JUDGE TO EXPLAIN." It closed with: "HAVE YOU READ EVERY PORTION OF THIS WRITTEN WAIVER? DO YOU UNDERSTAND EVERYTHING IN THIS WAIVER? IF YOU HAVE ANY QUESTIONS, OR DO NOT UNDERSTAND ANY PART OF THIS WAIVER, ASK THE JUDGE FOR AN EXPLANATION, *BEFORE* YOU SIGN THIS WAIVER."

What is missing from the record are any specific factual assertions by Maloney demonstrating that in some fashion he was misled or harmed by the written advisement and waiver that he was given, and that he signed,

advising him of his rights to jury trial and to confront and cross examine the witnesses against him. Those are the deficiencies of which he now complains.

On this record I cannot say that the evidence leads unerringly to a conclusion opposite that reached by the post-conviction court. It appears to me that the majority has exalted form over reality. I therefore dissent. I would affirm the judgment.