**John POORE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–9608–CR–549.

Supreme Court of Indiana.

June 13, 1997.

Pequita Jay Buis, Indianapolis, for Appellant.

Jeffrey Modisett, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Following a bench trial appellant John Poore was convicted of residential entry,[1] a class D felony, and criminal mischief,[2] a class A misdemeanor. We affirm both convictions.

## I. Facts

The evidence at trial revealed that a divorce decree based on a settlement dissolved the marriage of Poore and Mary Katherine Fleming on September 1, 1994. Eleven days later, on September 12th, Fleming asked Poore to remove his belongings from her home. Poore complied with the request, but on September 15th he called Fleming and informed her that he was coming back to the house. Fleming told him that he was not welcome in her home, and he responded, "[N]obody is keeping me out of my f------ house." (R. at 72.) Fleming called 9–1–1 and was still on the phone with the dispatcher when Poore arrived. Poore began kicking the front door and screaming, "I'm coming in, this is my house." (R. at 73.)

Fleming and two guests who were present told Poore he could not come in. He finally kicked in the door, entered the residence, and attacked one of the guests. The guest managed to shove Poore back out of the house, at which time Poore threw a potted plant through a window. Poore again kicked in the door, re-entered, and attacked the guest a second time. The police finally arrived and arrested Poore, who by that time had caused about $2,000 in damage to Fleming's property.

The present prosecution ensued. Poore appeared in Marion Municipal Court on September 20th for an initial hearing. The court provided him with a notice of his rights by way of an "Initial Hearing Rights" form. The form stated,

You have a right to a trial by jury. If you wish to have a trial by jury, you must make your request at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive you [sic] right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney.[3]

(R. at 38.) Poore signed and dated the form immediately below the sentence "I have read these rights and believe that I understand them." (*Id.*) Poore did not request a jury before his January 26th trial date. In fact, at a pre-trial conference/hearing on October 3rd, Poore filed with the court a written waiver of his jury trial right, which was signed by him, his attorney, and the deputy prosecuting attorney. There is no transcript of this hearing, but the Chronological Case Summary states, "Def. files Waiver of Jury Trial ... Court finds knowing and intelligent waiver of Jury Trial." (R. at 3.)

Poore proceeded to trial by the bench without objection on January 25, 1995. The court found him guilty and sentenced him to consecutive terms of three years for residential entry and one year for criminal mischief. The Court of Appeals affirmed his misdemeanor conviction, but reversed his felony conviction on the ground that Poore had not waived jury trial. *Poore v. State*, 666 N.E.2d 415 (Ind.Ct.App.1996). We grant transfer.

## II. Waiver of the Right to a Jury Trial

The United States[4] and Indiana[5] Constitutions guaranty the right to trial by jury. A defendant may waive this right if he does so in an intelligent and voluntary manner. *Doughty v. State*, 470 N.E.2d 69 (Ind. 1984). The defendant must express his personal desire to waive a jury trial and such a personal desire must be apparent from the court's record. *Jones v. State*, 544 N.E.2d 492 (Ind.1989); *Brown v. State*, 495 N.E.2d 178 (Ind.1986).

---

1. Ind.Code Ann. § 35–43–2–1.5 (West Supp. 1996).

2. Ind.Code Ann. § 35–43–1–2 (West Supp.1996).

3. This form reflects Criminal Procedure Rule 22, which requires a defendant in a misdemeanor case to formally request a jury trial at least ten days before trial to exercise his jury trial right. Ind.Crim. Rule 22.

4. U.S. Const. amend. VI.

5. Ind. Const. art. I, § 13.

■ A person charged with a felony has an automatic right to a jury trial; the defendant is presumed not to waive this right unless he affirmatively acts to do so. *Hadley v. State*, 636 N.E.2d 173 (Ind.Ct.App.1994), *trans. denied.* Poore's filing of his signed jury trial waiver adequately reflects a personal desire to waive this right and constitutes the affirmative act necessary to do so for his felony charge. *Kimball v. State*, 474 N.E.2d 982 (Ind.1985). Our inquiry thus centers around whether Poore's waiver was intelligently and voluntarily made.

For several reasons, we conclude that Poore made an intelligent and voluntary waiver of a jury as to both his misdemeanor and felony charges.

First, thirteen days before he filed his waiver, the court informed Poore of his jury trial right through its "Initial Hearing Rights" form. Although the form was designed to inform Poore about the need to make an affirmative request for trial by jury on a misdemeanor, it did inform him generally and unambiguously: "You have a right to a trial by jury." (R. at 38.) [6]

■ Second, the record provides multiple grounds for inferring that Poore understood the proceedings and the choices he made. For example, the trial court's presentence investigation report shows that Poore completed the eleventh grade, received his G.E.D. in 1983, and had two years of undergraduate study at a Florida junior college. Moreover, the record of the initial hearing reflects a literate exchange between court personnel and Poore concerning a "no contact" order:

> The Judge: . . . . I want you to read this and then sign and date the bottom of it for me. Any violation of this will cause your bond to be revoked and you will be immediately placed in jail. Do you understand that?
>
> The Defendant: Will I be able to get my belongings with that understanding?

> The Judge: . . . . You will need to contact your lawyer . . . to see if you can get your things . . . , but I don't want you to have any contact with [Fleming]. Okay, would you mind giving that to him Ken.
>
> The Defendant: Do you want me to sign something?
>
> The Judge: Uhn uh. I want you to read it first.
>
> The Bailiff: Read over it first. Here is a clip board with a pen on the top of it and you can have a seat in the chairs.

(*Id.* at 53–54.) Dialogue such as the foregoing occurs daily in our trial courts in various permutations. Absent some question by the defendant or some evidence of a lack of understanding or an inability to read, a trial court is warranted in finding, as Judge Reichard did here, that a defendant who receives a misdemeanor jury advisement and proceeds to file a general waiver of trial by jury adequately understands that a bench trial will thus lie ahead.

■ Third, and closely allied, a defendant's understanding may be inferred when he and his attorney both sign a written waiver of the jury trial right and file it in open court. The evidence tends to show that Poore could read and that he thus had the ability to understand the short waiver form he signed. Moreover, Poore's significant criminal history [7] suggests a high level of familiarity with the judicial process, making it quite likely that he knew what a "jury" was. Of course, his lawyer's signature on the waiver also implies that Poore acted upon advice and information of legal counsel.

■ In the face of all this, Poore argues the record must *explicitly show* proof of his ability to read, proof that he understood what the jury trial right entailed, and proof that he knew that he was not required to demand jury as to his felony.

Poore's case is in many ways similar to *Hadley v. State*, 636 N.E.2d 173 (Ind.Ct.App.

---

**6.** At a minimum, Poore's acknowledgment that he received this advisement supports the conclusion that he voluntarily and intelligently waived jury on the misdemeanor. The trial court and the Court of Appeals so held.

**7.** Poore had at least five prior felony convictions, four of which involved crimes against another person: Involuntary manslaughter, aggravated assault, robbery by force, and child molestation. (R. at 24–25, 143.)

1994), *trans. denied.* Hadley signed the same waiver form in a Marion County trial court, was tried by the bench and found guilty, and then asserted on appeal a denial of his right to a jury trial. The facts are thus about the same as those in the case at bar, and, indeed, the same appellate lawyer presents about the same legal theory. In *Hadley,* as in this case, the appellant cited

> cases standing for the proposition that waiver of the right to trial by jury may not be presumed from a silent record, *see, e.g., Boykin v. Alabama,* [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ]; *Williams v. State,* [263 Ind. 165, 325 N.E.2d 827 (1975) ], and that in order for a form written waiver of the right to a jury trial to be effective, the record must disclose that the defendant could read, did read, and understood the rights enumerated therein. *See, e.g., Slone v. State,* [590 N.E.2d 635 (Ind. Ct.App.1992) ].

*Id.* at 174–75. Just as this argument did not carry the day in *Hadley,* it does not succeed here.

> The cases [appellant] relies upon are not applicable here because each involves a defendant foregoing a trial and pleading guilty. In the case before us [appellant] did not plead guilty. Rather, he was tried before the bench. When a defendant pleads guilty either to a felony or a misdemeanor, he waives three federal constitutional rights: right to confront accusers, right to trial by jury, and privilege against compulsory self-incrimination.

*Id.* at 175. Indeed, one who pleads guilty gives up a great deal more than his three *Boykin* rights. Among other things, he gives up the opportunity to put the prosecution to its proof, the chance to offer his own exculpatory evidence, and his right to have this evidence weighed by a neutral finder of fact. One who waived jury and proceeds to trial before the bench retains these safeguards and others. Because of these substantial differences, the opinions arising out of guilty pleas are unavailing as precedent for a defendant who merely waived his right to a jury trial and received a bench trial instead.

While it is advantageous for a trial judge to engage a defendant in colloquy concerning the consequences of waiving trial by jury, such an exchange is "not required by either the United States or the Indiana constitutions, or by statute." *Hutchins v. State,* 493 N.E.2d 444, 445 (Ind.1986). We conclude that the record reflects sufficient evidence of Poore's ability to know and understand what he was doing when he waived his right to a jury trial.

### III. Sufficiency of the Evidence

Poore challenges the sufficiency of the evidence, suggesting that the testimony of the victim and the defendant conflicted. The evidence recited in Part I of this opinion is sufficient to support his convictions for the crimes of residential entry and criminal mischief.

### IV. Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.