# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 23 2016, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Adam C. Squiller
Squiller & Harley
Auburn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ventura S. Sanchez, *Appellant-Defendant,* | November 23, 2016 |
| v. | Court of Appeals Case No. 44A03-1603-CR-564 |
| | Appeal from the LaGrange Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Lisa Bowen-Slaven, Judge |
| | Trial Court Cause No. 44D01-1306-FB-17 |

**May, Judge.**

Ventura Sanchez appeals his convictions of Class B felony sexual deviate conduct[1] and Class B felony incest[2] following a bench trial. He argues he did not personally waive his right to a trial by jury. The State concedes reversible error occurred. Accordingly, we reverse and remand for a new trial.

## Facts and Procedural History

On June 24, 2013, the State charged Sanchez with Class B felony sexual deviate conduct, Class B felony incest, and Class D felony sexual battery.[3] On August 5, 2015, Sanchez filed notice he was ready for trial, a waiver of trial by jury, and a motion to set his cause for a bench trial. Sanchez's counsel had signed the jury trial waiver, but Sanchez had not personally signed the waiver. The trial court held a bench trial and convicted Sanchez of sexual deviate conduct and incest.[4]

## Discussion and Decision

Both the United States and Indiana Constitutions guarantee the right to jury trial. *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997); U.S. Const. amend. VI;

---

[1] Ind. Code § 35-42-4-2 (1998).

[2] Ind. Code § 35-46-1-3(a) (1994).

[3] Ind. Code § 35-42-4-8(a)(1)(A) (2012).

[4] The trial court determined it was prohibited from convicting Sanchez of both criminal deviate conduct and sexual battery "pursuant to the actual evidence test of the Indiana Double Jeopardy principles[.]" (App. Vol. III at 11-12.)

Ind. Const. art. 1 § 13. We presume a defendant did not waive this right unless he affirmatively acts to do so. *Poore*, 681 N.E.2d at 207. "To constitute a valid waiver of the right to a jury trial, [a] defendant's waiver must be knowingly, voluntarily, and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and consequences." *Anderson v. State*, 833 N.E.2d 119, 122 (Ind. Ct. App. 2005). In addition, the waiver "must be 'personal,' either in a writing signed by the defendant or in the form of a colloquy in open court between the defendant and judge." *Kellems v. State*, 849 N.E.2d 1110, 1112-13 (Ind. 2006).

[4] Sanchez did not sign the jury trial waiver that defense counsel filed. Nor does the record reflect a colloquy in open court between Sanchez and the trial court. As Sanchez did not personally express a desire to waive his right to jury trial, the waiver is invalid. *See Anderson*, 833 N.E.2d at 122 (holding waiver invalid where defendant neither signed the waiver nor expressed his personal desire to waive right to jury trial in open court). We therefore vacate Sanchez's convictions and remand this case for a jury trial.

[5] Reversed and remanded.

Kirsch, J., and Crone, J., concur.