# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**KAREN M. HEARD**
Vanderburgh County Public Defender's Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Aug 15 2012, 9:23 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REKO D. LEVELS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  82A01-1201-CR-25 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Sheila M. Corcoran, Magistrate
Cause No.  82D05-1111-CM-5830

**August 15, 2012**

**OPINION – FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Reko D. Levels appeals his convictions of battery and public intoxication, both class B misdemeanors. We reverse.

**Issue**

The sole issue for our review is whether Levels waived his right to a jury trial.

**Facts and Procedural History**

In November 2011, Levels was charged with domestic battery as a class A misdemeanor and public intoxication as a class B misdemeanor. At the November 10, 2011, initial hearing, the trial court advised Levels that he had the right to a "public and speedy trial, by court or by jury . . . ." Tr. at 4. Later in the hearing, Levels told the trial court that he wanted a jury trial "ten days ahead of time." Tr. at 10. Following a bench trial, the trial court convicted Levels of battery as a class B misdemeanor, a lesser included offense of domestic battery, and public intoxication as a class B misdemeanor. Levels appeals.

**Discussion and Decision**

Levels' sole contention is that he did not waive his right to a jury trial. The right to a jury trial in misdemeanor cases is controlled by Criminal Rule 22, which provides:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of the defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

This Court has previously explained that a waiver is not valid unless the trial court advises a defendant of the consequences of his failure to demand a jury trial no later than ten days prior to the trial date. Vukadinovich v. State, 529 N.E.2d 837, 838 (Ind. Ct. App. 1988). It is fundamental error for a court to deny defendant a jury trial without first eliciting a personal waiver from him. Id. There can be no waiver absent the trial court's affirmative advisement to a defendant that he waives his right to a jury trial unless he demands it no later than ten days prior to the scheduled trial date. Casselman v. State, 472 N.E.2d 1310, 1311 (Ind. Ct. App. 1985). Further, where the defendant is not advised by the court as required by the rule, his failure to request a jury trial cannot be deemed a waiver. Wilson v. State, 453 N.E.2d 340, 342 (Ind. Ct. App. 1983).

Here, the trial court advised Levels at his initial hearing that he had a right to a jury trial. However, the trial court failed to adequately advise Levels of the consequences of failing to demand a jury trial. The court did not mention the necessity of making such a request no later than ten days prior to the scheduled trial date, and at no time did the trial court disclose that the failure to make the request would waive Levels' right to a jury trial. There is also no indication that Levels knew that the demand had to be in writing. Because the advisement was insufficient, there was no valid waiver of a jury trial.[1]

Reversed.

RILEY, J., and CRONE, J., concur.

---

[1] We disagree with the State's contention that the advisement was unnecessary in this case because Levels "explicitly indicated his awareness of this requirement by stating 'I want a jury trial too . . . ten days ahead of time.'" Tr. at 10. Rather, we agree with Levels that his reference to "ten days ahead of time" does not reveal that he knew the request had to be in writing or even what the ten days had to be ahead of.