

**FILED**
Oct 11 2013, 5:40 am

**CLERK**
of the supreme court,
court of appeals and
tax court

## FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CYNTHIA P. HELFRICH**
Helfrich Law Offices
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MATTHEW FIANDT,                    )
                                  )
    Appellant-Defendant,          )
                                  )
      vs.                        )      No. 32A01-1211-CR-496
                                  )
STATE OF INDIANA,                  )
                                  )
    Appellee-Plaintiff.           )

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mary L. Comer, Senior Judge
Cause No. 32D01-1208-CM-1053

**October 11, 2013**

**OPINION – FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Matthew Fiandt appeals his convictions for two counts of Class A misdemeanor intimidation and one count of Class B misdemeanor harassment. We affirm.

**Issue**

The issue before the court is whether Fiandt was improperly denied his right to a jury trial.

**Facts**

On February 27, 2012, Fiandt was charged with two counts of Class A misdemeanor intimidation and two counts of Class B misdemeanor harassment in the Plainfield Town Court. His initial hearing was held on March 15, 2012, via video, where he indicated he was going to hire a private attorney and was given ten days to do so. His bench trial was scheduled for June 12, 2012, and he was released on his own recognizance. On March 30, 2012, a warrant for Fiandt's arrest was issued when he failed to obtain an attorney. He was arrested on June 12, 2012. At that time the court appointed him counsel, Annie Fierek, and continued his bench trial to August 14, 2012.

On July 31, 2012, Fierek filed a request for a jury trial, which the Plainfield Town Court granted, and the case was transferred to Hendricks Superior Court for purposes of holding a jury trial. On August 15, 2012, Fierek withdrew her appearance, and Tom Lee was appointed by the court as new counsel on August 30, 2012. Lee submitted a request on September 20, 2012, for a bench trial instead of a jury trial. The Hendricks Superior Court did not hold a hearing on this request. On October 5, 2012, that court conducted a bench trial and found Fiandt guilty of two counts of Class A misdemeanor intimidation

and one count of Class B misdemeanor harassment and not guilty of one count of Class B misdemeanor harassment. Fiandt now appeals.

## Analysis

Fiandt claims he was improperly denied his right to a jury trial because the trial court did not personally secure a jury trial waiver from him on the record. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. Young v. State, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012). The right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22. Id. at 645. Criminal Rule 22 provides:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

"Thus, when charged with a misdemeanor, a defendant can waive [his or] her right to a jury trial by failing to make a timely demand for trial by jury." Young, 973 N.E.2d at 645. Fiandt argues that he affirmatively demanded his right to be tried by a jury when he submitted his request for jury trial on July 31, 2012, prior to his bench trial scheduled for August 14, 2012. However, in order to assert the right to a jury trial in accordance

3

with Criminal Rule 22, Fiandt was required to file his request ten days prior to his first scheduled trial date, which was June 12, 2012. Fiandt's jury trial request filed on July 31, 2012, was far too late to secure his right to a jury trial. By that time, Fiandt had already waived his right to a jury trial by operation of law, no later than June 2, 2012. Fiandt did not have to make a personal, express, on-the-record statement that he was knowingly, intelligently, and voluntarily waiving his right to a jury trial. See Hutchins v. State, 493 N.E.2d 444, 445 (Ind. 1986) (stating that alleged misdemeanant can waive jury trial right solely by failing to timely request jury trial by Criminal Rule 22 deadline).

It is true, as asserted by the dissent, that a waiver of jury trial in misdemeanor cases under Criminal Rule 22 is ineffective if the trial court did not adequately advise the defendant of the consequences of a failure to demand a jury trial no later than ten days prior to the first trial date. See Levels v. State, 972 N.E.2d 972, 973-74 (Ind. Ct. App. 2012). Fiandt makes no argument that the trial court failed to make the proper advisements or that there is any reason for considering this first waiver of his jury trial right to be invalid. Also, this is not a case in which the record is "silent" or "missing" as to whether proper constitutional advisements were given. Cf. Hall v. State, 849 N.E.2d 466, 472 (Ind. 2006) (stating that "silent" record is one in which an existing transcript fails to reveal that defendant was advised of constitutional rights, while "missing" record is one in which transcript and other documents are unavailable and cannot be reconstructed) (quoting Parke v. Raley, 506 U.S. 20, 30, 113 S. Ct. 517, 523-24 (1992)). Rather, Fiandt simply has not provided this court with any records related to what he was told at the time of his initial hearing, nor has he claimed that such records are unavailable,

4

nor did he request a transcript of his initial hearing. Given Fiandt's failure to make any argument that he was inadequately advised regarding his jury trial rights at the time of his initial hearing and his failure to provide this court with any documentation that would support such a claim, it is inappropriate to speculate that he was inadequately advised.

Having waived his right to a jury trial by failing to timely request one, Fiandt did not have any constitutional entitlement to withdraw that waiver. See Hutchins, 493 N.E.2d at 445. Rather, any subsequent decision to grant a jury trial to Fiandt was purely discretionary and not constitutionally required. See id. Moreover, Criminal Rule 22 constrains the discretion of trial courts to grant a jury trial after a previous waiver to situations in which the defendant and the State expressly agree in writing to the request. There is no indication of any such written agreement in the record; rather, on July 31, 2012, Fiandt simply filed a unilateral jury trial request without the State's agreement. Thus, not only was the Plainfield Town Court here not required to grant Fiandt's untimely jury trial request, it arguably was required to deny that request.

At best, the Plainfield Town Court's granting of Fiandt's untimely jury trial request was a discretionary ruling that could later be reversed or, at worst, was a legal nullity that needed to be reversed. See In re Estate of Hammar, 847 N.E.2d 960, 962 (Ind. 2006) (holding trial courts have authority to change previous discretionary rulings as long as a case remains in fieri, or pending resolution). Here, when the Hendricks Superior Court was faced with Fiandt's request for a bench trial after having requested a jury trial, there was no obstacle to the granting of that request because Fiandt had already waived his right to a jury trial. Nor did it have to observe any constitutional requirements

5

for obtaining a jury trial waiver from Fiandt personally because the holding of a jury trial was not constitutionally mandated at that point. It is therefore unnecessary to delve into whether Fiandt's attorney's request for a bench trial would have been sufficient to waive Fiandt's right to a jury trial.

## Conclusion

Fiandt failed to make a timely demand for a trial by jury as required by Criminal Rule 22, and, therefore, he was not entitled to have one. We affirm.

Affirmed.

BAILEY, J., concurs.

NAJAM, J., dissents with opinion.

6

# IN THE
# COURT OF APPEALS OF INDIANA

MATTHEW FIANDT,           )
                            )
    Appellant-Defendant,    )
                            )
        vs.            )     No. 32A01-1211-CR-496
                            )
STATE OF INDIANA,        )
                            )
    Appellee-Plaintiff.     )

**NAJAM, Judge, dissenting.**

I respectfully dissent and would vote to vacate Fiandt's convictions and remand for a jury trial.

Fiandt was charged with two Class A misdemeanors and one Class B misdemeanor. A Class A misdemeanor carries a potential maximum term of one year imprisonment. Ind. Code § 35-50-3-2. The Sixth Amendment right to a jury trial applies to all "serious infractions." Duncan v. Louisiana, 391 U.S. 145, 159-61 (1968). The Supreme Court of the United States has held that "serious infractions" are crimes "where imprisonment for more than six months is authorized." Baldwin v. New York, 399 U.S. 66, 69 (1970); see also Holly v. State, 681 N.E.2d 1176, 1177-78 (Ind. Ct. App. 1997) (Rucker, J.) ("[S]entences up to six months may be imposed . . . without guilt . . . being determined by a jury. Sentences exceeding six months may not be imposed absent a jury

7

trial or waiver thereof.") (citations omitted). Thus, as a matter of constitutional law, Fiandt's alleged Class A misdemeanors entitled him to a trial by jury.

Of course, one may waive his or her right to a trial by jury. But, when the constitutional right to a jury applies, to be effective

> [a] waiver of this right must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences. <u>The record must reflect that such a waiver was made</u> . . . . This court has held that . . . <u>the defendant's assent must mean an assent by the defendant personally</u> . . . . The record reflection must be direct and not merely implied. It must show the personal communication of the defendant to the court that he chooses to relinquish the right.

<u>Doughty v. State</u>, 470 N.E.2d 69, 70 (Ind. 1984) (emphases added); <u>see also</u> <u>Patton v. United States</u>, 281 U.S. 276, 312 (1930) (holding that, before the constitutional right to a jury may be waived, the "express and intelligent consent of the defendant" must be obtained).

The majority holds that "[t]he right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22." Slip op. at 3. Rule 22 provides as follows:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a

8

part of the record.  If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

According to the majority, "Fiandt failed to make a timely demand for a trial by jury as required by Criminal Rule 22, and, therefore, he was not entitled to have one."  Slip op. at 6.  Thus, the majority concludes that the Town Court erred as a matter of law when it granted Fiandt's request and transferred the cause to the Superior Court.

The majority's reasoning does not take into account how Criminal Rule 22 and the Sixth Amendment work together.  Our Criminal Rules cannot supersede constitutional principles or diminish a defendant's fundamental rights.  For example, this court has held that, under Rule 22:

> a defendant charged with a misdemeanor who fails to make a timely request waives the right to a trial by jury if he has been advised in a timely manner of both the right to jury trial and the consequences of failing to make a timely demand.  The defendant's waiver, however, must be voluntary, knowing, intelligent, and personal.

Greene v. State, 670 N.E.2d 38, 39 (Ind. Ct. App. 1996) (citations omitted), trans. denied; see also Levels v. State, 972 N.E.2d 972, 973-74 (Ind. Ct. App. 2012).  We have also held that "'[a] valid waiver cannot be made pursuant to C.R. 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date.'"  Hanna-Womack v. State, 623 N.E.2d 439, 440 (Ind. Ct. App. 1993) (quoting Vukadinovich v. State, 529 N.E.2d 837, 839 (Ind. Ct. App. 1988)).  And we have long recognized, in the context of the defendant's constitutional jury trial right under Criminal Rule 22, that "waiver of such a fundamental right cannot be presumed from a silent record" and that the State's argument to the

9

contrary "is specious." Casselman v. State, 472 N.E.2d 1310, 1311 n.1 (Ind. Ct. App. 1985).

Because Class A misdemeanors are, as a matter of constitutional law, "serious infractions," a waiver under Rule 22 is effective only if it is personally made by the defendant and made knowingly, intelligently, and voluntarily. While the trial court may obtain the defendant's waiver under Rule 22 more than ten days before the defendant's trial, when the constitutional right applies it cannot be waived by mere inaction or silence on the part of the defendant. Duncan v. State, 975 N.E.2d 838, 843 (Ind. Ct. App. 2012). In other words, Fiandt's waiver of his right to a jury trial for a "serious infraction" is not "self-executing."[1] See Baldwin, 399 U.S. at 69.

The majority asserts that Fiandt "fail[ed] to make any argument that he was inadequately advised regarding his jury trial rights at the time of his initial hearing and [he] fail[ed] to provide this court with any documentation that would support such a claim . . . ." Slip op. at 5. The majority continues by claiming that Fiandt's appeal must fail as he "simply has not provided this court with any records related to what he was told at the time of his initial hearing, nor has he claimed that such records are unavailable, nor did he request a transcript of his initial hearing." Id. at 4-5. Thus, the majority concludes that Fiandt failed to meet his burden on appeal of demonstrating reversible error.

---

[1] Indeed, it is well established that the right to a jury trial is a fundamental right. See Duncan, 975 N.E.2d at 842. As such, the denial of that right entitles the defendant to relief on appeal even in the absence of a proper objection from the defendant to the trial court. See, e.g., Taylor v. State, 922 N.E.2d 710, 718-19 (Ind. Ct. App. 2010), trans. denied.

10

The majority's analysis does not recognize Fiandt's argument on appeal and his burden as the appellant. Fiandt's argument on appeal is that the Superior Court denied him his jury trial right when it granted his attorney's minute sheet entry without first making a constitutionally required record that showed Fiandt had received the proper advisements and then had personally, knowingly, intelligently, and voluntarily waived his right to a jury trial. There is no question at all on this record that Fiandt met his burden.

In response to Fiandt's clear showing of the Superior Court's reversible error, the State responds by focusing not on the Superior Court's decision but on whether Fiandt timely filed his jury trial request with the Town Court. However, the State does not—presumably because it cannot—support its argument with citations to the record showing that the Town Court properly advised Fiandt of his jury trial right and that Fiandt then personally, knowingly, intelligently, and voluntarily waived that right. It is the State's burden to support its argument with citations to the record, not Fiandt's burden to disprove the State's argument. See Ind. Appellate Rule 46(A)(8)(a). The majority's holding to the contrary places Fiandt in the unreasonable position of having to prove a negative, and it is a conclusion rejected by well-established constitutional law that the defendant's waiver of his constitutional right to a jury trial "cannot be presumed from a silent record." Casselman, 472 N.E.2d at 1311 n.1.

Moreover, there is no dispute that the State did not contest Fiandt's jury trial request to the Town Court. As such, it should not be permitted to assert after the fact and for the first time on appeal that the Town Court erred in granting Fiandt's request.

11

Without any objection from the State, the Town Court entered its order that caused Fiandt's case to be transferred to the jury trial docket of the Superior Court.

The Town Court apparently recognized when it granted Fiandt's request for a jury trial that it had never secured a constitutionally effective waiver from him. Because the Town Court had not obtained an effective waiver from Fiandt, the Town Court was constitutionally required to grant Fiandt's request. As our supreme court has stated: "When a defendant in a criminal case, before the beginning of his trial, asks for a jury, the trial judge is not called upon to exercise a discretion in the matter. He has an imperative duty to grant the request." State ex rel. Rose v. Hoffman, 227 Ind. 256, 262, 85 N.E.2d 486, 488 (1949). The Town Court did not err when it granted Fiandt's request.

Further, the majority's rationale implies that the Town Court's order granting Fiandt's jury trial request was void ab initio. But the Town Court clearly had subject matter jurisdiction to rule on Fiandt's jury trial request, and, as such, its order cannot be void. As we have explained:

> an order is "void" only when the action or subject matter it describes is of no effect whatsoever, and is incapable of confirmation or ratification. "Voidable," however, describes an action or subject matter which nonetheless operates to accomplish the thing sought to be accomplished, until the fatal flaw is judicially ascertained and declared.

Kitchen v. Kitchen, 953 N.E.2d 646, 650 (Ind. Ct. App. 2011) (quotations omitted). For example, had the Town Court granted Fiandt's untimely request after having secured his timely and constitutionally effective waiver, the State could have asked the Town Court to reconsider its order in light of the record, which would render the order not void but voidable. But that hypothetical is a far cry from the record here.

12

Having properly granted Fiandt's request for a jury trial, the Town Court transferred the matter to the Superior Court. There, Fiandt's attorney filed a minute sheet entry with the court that simply stated: "Defendant respectfully declines State's offer & requests a bench trial." Appellant's App. at 30. The minute sheet entry was not signed by Fiandt, and the court approved the request without obtaining any evidence from Fiandt that he knowingly, intelligently, and voluntarily waived his jury trial right. This was not a constitutionally effective waiver. See, e.g., Duncan, 975 N.E.2d at 843.

In sum, I cannot agree with the majority that a defendant charged with a Class A misdemeanor can waive his right to a jury trial by default. It is a trial court's obligation to make a record that shows the defendant received the proper advisements before allowing the defendant to waive a fundamental, constitutional right. As Judge Bailey recently stated in Levels, "[t]here can be no waiver absent the trial court's affirmative advisement to a defendant that he waives his right to a jury trial unless he demands it no later than ten days prior to the scheduled trial date." 972 N.E.2d at 973-74. Fiandt met his burden on appeal when he demonstrated that the Town Court granted his jury trial request only to have the Superior Court take it away without having first established, on the record, that Fiandt had received the necessary and proper advisements.

Finally, the label attached to the alleged crime does not control our analysis. The fact that the alleged crime is designated as a misdemeanor is a starting point but our review must go beyond the "misdemeanor" label. The waiver-by-default provision in Criminal Rule 22 does not apply where, as here, the misdemeanor is a "serious infraction" as defined by the United States Supreme Court. See Baldwin, 399 U.S. at 69.

13

In such cases, a waiver by default does not satisfy the constitutional requirement that the defendant can waive his jury trial right only through a personal, knowing, intelligent, and voluntary waiver. Moreover, as a practical matter, this requirement is hardly difficult to satisfy. The defendant may orally waive his right in court or sign a written form acknowledging his right and his waiver of that right. But nothing in the record in this appeal demonstrates such a waiver.

Accordingly, I would hold that the Town Court properly granted Fiandt's request for a jury trial and that the Superior Court erred when it accepted the proposed waiver of that right submitted by Fiandt's counsel. I would reverse Fiandt's convictions and remand for a jury trial.