NAJAM, Judge,
dissenting.
I respectfully dissent and would vote to vacate Fiandt’s convictions and remand for a jury trial.
Fiandt was charged with two Class A misdemeanors and one Class B misdemeanor. A Class A misdemeanor carries a potential maximum term of one year imprisonment. Ind.Code § 35-50-3-2. The Sixth Amendment right to a jury trial applies to all “serious infractions.” Duncan v. Louisiana, 391 U.S. 145, 159-61, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The Supreme Court of the United States has held that “serious infractions” are crimes “where imprisonment for more than six months is authorized.” Baldwin v. New York, 399 U.S. 66, 69, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); see also Holly v. State, 681 N.E.2d 1176, 1177-78 (Ind.Ct.App.1997) (Rucker, J.) (“[Sentences up to six months may be imposed ... without guilt ... being determined by a jury. Sentences exceeding six months may not be imposed absent a jury trial or waiver thereof’) (citations omitted). Thus, as a matter of constitutional law, Fiandt’s alleged Class A misdemeanors entitled him to a trial by jury.
Of course, one may waive his or her right to a trial by jury. But, when the constitutional right to a jury applies, to be effective
[a] waiver of this right must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences. The record must reflect that such a ivaiver was made .... This court has held that ... the defendant’s assent must mean an assent by the defendant personally .... The record reflection must be direct and not merely implied. It must show the personal communication of the defendant to the court that he chooses to relinquish the right.
Doughty v. State, 470 N.E.2d 69, 70 (Ind.1984) (emphases added); see also Patton v. United States, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930) (holding that, before the constitutional right to a jury may be waived, the “express and intelligent consent of the defendant” must be obtained).
The majority holds that “[t]he right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22.” Op. at 423. Rule 22 provides as follows:
A defendant charged with a misdemean- or may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
The trial court shall not grant a demand for a trial by jury filed.after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.
According to the majority, “Fiandt failed to make a timely demand for a trial by jury as required by Criminal Rule 22, and, therefore, he was not entitled to have one.” *426 Op. at 424-25. Thus, the majority concludes that the Town Court erred as a matter of law when it granted Fiandt’s request and transferred the cause to the Superior Court.
The majority’s reasoning does not take into account how Criminal Rule 22 and the Sixth Amendment work together. Our Criminal Rules cannot supersede constitutional principles or diminish a defendant’s fundamental rights. For example, this court has held that, under Rule 22:
a defendant charged with a misdemean- or who fails to make a timely request waives the right to a trial by jury if he has been advised in a timely manner of both the right to jury trial and the consequences of failing to make a timely demand. The defendant’s waiver, however, must be voluntary, knowing, intelligent, and personal.
Greene v. State, 670 N.E.2d 38, 39 (Ind.Ct.App.1996) (citations omitted), trans. denied; see also Levels v. State, 972 N.E.2d 972, 973-74 (Ind.Ct.App.2012). We have also held that “ ‘[a] valid waiver cannot be made pursuant to C.R. 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date.’ ” Hanna-Womack v. State, 623 N.E.2d 439, 440 (Ind.Ct.App.1993) (quoting Vukadinovich v. State, 529 N.E.2d 837, 839 (Ind.Ct.App.1988)). And we have long recognized, in the context of the defendant’s constitutional jury trial right under Criminal Rule 22, that “waiver of such a fundamental right cannot be presumed from a silent record” and that the State’s argument to the contrary “is specious.” Casselman v. State, 472 N.E.2d 1310, 1311 n. 1 (Ind.Ct.App.1985).
Because Class A misdemeanors are, as a matter of constitutional law, “serious infractions,” a waiver under Rule 22 is effective only if it is personally made by the defendant and made knowingly, intelligently, and voluntarily. While the trial court may obtain the defendant’s waiver under Rule 22 more than ten days before the defendant’s trial, when the constitutional right applies it cannot be waived by mere inaction or silence on the part of the defendant. Duncan v. State, 975 N.E.2d 838, 843 (Ind.Ct.App.2012). In other words, Fiandt’s waiver of his right to a jury trial for a “serious infraction” is not “self-executing.” [1] See Baldwin, 399 U.S. at 69, 90 S.Ct. 1886.
The majority asserts that Fiandt “failfed] to make any argument that he was inadequately advised regarding his jury trial rights at the time of his initial hearing and [he] fail[ed] to provide this court with any documentation that would support such a claim.... ” Op. at 424. The majority continues by claiming that Fiandt’s appeal must fail as he “simply has not provided this court with any records related to what he was told at the time of his initial hearing, nor has he claimed that such records are unavailable, nor did he request a transcript of his initial hearing.” Id. at 424. Thus, the majority concludes that Fiandt failed to meet his burden on appeal of demonstrating reversible error.
The majority’s analysis does not recognize Fiandt’s argument on appeal and his burden as the appellant. Fiandt’s argument on appeal is that the Superior Court *427 denied him his jury trial right when it granted his attorney’s minute sheet entry without first making a constitutionally required record that showed Fiandt had received the proper advisements and then had personally, knowingly, intelligently, and voluntarily waived his right to a jury trial. There is no question at all on this record that Fiandt met his burden.
In response to Fiandt’s clear showing of the Superior Court’s reversible error, the State responds by focusing not on the Superior Court’s decision but on whether Fiandt timely filed his jury trial request with the Town Court. However, the State does not — presumably because it cannot— support its argument with citations to the record showing that the Town Court properly advised Fiandt of his jury trial right and that Fiandt then personally, knowingly, intelligently, and voluntarily waived that right. It is the State’s burden to support its argument with citations to the record, not Fiandt’s burden to disprove the State’s argument. See Ind. Appellate Rule 46(A)(8)(a). The majority’s holding to the contrary places Fiandt in the unreasonable position of having to prove a negative, and it is a conclusion rejected by well-established constitutional law that the defendant’s waiver of his constitutional right to a jury trial “cannot be presumed from a silent record.” Casselman, 472 N.E.2d at 1311 n. 1.
Moreover, there is no dispute that the State did not contest Fiandt’s jury trial request to the Town Court. As such, it should not be permitted to assert after the fact and for the first time on appeal that the Town Court erred in granting Fiandt’s request. Without any objection from the State, the Town Court entered its order that caused Fiandt’s case to be transferred to the jury trial docket of the Superior Court.
The Town Court apparently recognized when it granted Fiandt’s request for a jury trial that it had never secured a constitutionally effective waiver from him. Because the Town Court had not obtained an effective waiver from Fiandt, the Town Court was constitutionally required to grant Fiandt’s request. As our supreme court has stated: “When a defendant in a criminal case, before the beginning of his trial, asks for a jury, the trial judge is not called upon to exercise a discretion in the matter. He has an imperative duty to grant the request.” State ex rel. Rose v. Hoffman, 227 Ind. 256, 262, 85 N.E.2d 486, 488 (1949). The Town Court did not err when it granted Fiandt’s request.
Further, the majority’s rationale implies that the Town Court’s order granting Fiandt’s jury trial request was void ab initio. But the Town Court clearly had subject matter jurisdiction to rule on Fiandt’s jury trial request, and, as such, its order cannot be void. As we have explained:
an order is “void” only when the action or subject matter it describes is of no effect whatsoever, and is incapable of confirmation or ratification. “Voidable,” however, describes an action or subject matter which nonetheless operates to accomplish the thing sought to be accomplished, until the fatal flaw is judicially ascertained and declared.
Kitchen v. Kitchen, 953 N.E.2d 646, 650 (Ind.Ct.App.2011) (quotations omitted). For example, had the Town Court granted Fiandt’s untimely request after having secured his timely and constitutionally effective waiver, the State could have asked the Town Court to reconsider its order in light of the record, which would render the order not void but voidable. But that hypothetical is a far cry from the record here.
Having properly granted Fiandt’s request for a jury trial, the Town Court *428 transferred the matter to the Superior Court. There, Fiandt’s attorney filed a minute sheet entry with the court that simply stated: “Defendant respectfully declines State’s offer & requests a bench trial.” Appellant’s App. at 30. The minute sheet entry was not signed by Fiandt, and the court approved the request without obtaining any evidence from Fiandt that he knowingly, intelligently, and voluntarily waived his jury trial right. This was not a constitutionally effective waiver. See, e.g., Duncan, 975 N.E.2d at 843.
In sum, I cannot agree with the majority that a defendant charged with a Class A misdemeanor can waive his right to a jury trial by default. It is a trial court’s obligation to make a record that shows the defendant received the proper advisements before allowing the defendant to waive a fundamental, constitutional right. As Judge Bailey recently stated in Levels, “[tjhere can be no waiver absent the trial court’s affirmative advisement to a defendant that he waives his right to a jury trial unless he demands it no later than ten days prior to the scheduled trial date.” 972 N.E.2d at 973-74. Fiandt met his burden on appeal when he demonstrated that the Town Court granted his jury trial request only to have the Superior Court take it away without having first established, on the record, that Fiandt had received the necessary and proper advise-ments.
Finally, the label attached to the alleged crime does not control our analysis. The fact that the alleged crime is designated as a misdemeanor is a starting point but our review must go beyond the “misdemeanor” label. The waiver-by-default provision in Criminal Rule 22 does not apply where, as here, the misdemeanor is a “serious infraction” as defined by the United States Supreme Court. See Baldwin, 399 U.S. at 69, 90 S.Ct. 1886. In such cases, a waiver by default does not satisfy the constitutional requirement that the defendant can waive his jury trial right only through a personal, knowing, intelligent, and voluntary waiver. Moreover, as a practical matter, this requirement is hardly difficult to satisfy. The defendant may orally waive his right in court or sign a written form acknowledging his right and his waiver of that right. But nothing in the record in this appeal demonstrates such a waiver.
Accordingly, I would hold that the Town Court properly granted Fiandt’s request for a jury trial and that the Superior Court erred when it accepted the proposed waiver of that right submitted by Fiandt’s counsel. I would reverse Fiandt’s convictions and remand for a jury trial.

. Indeed, it is well established that the right to a jury trial is a fundamental right. See Duncan, 975 N.E.2d at 842. As such, the denial of that right entitles the defendant to relief on appeal even in the absence of a proper objection from the defendant to the trial court. See, e.g., Taylor v. State, 922 N.E.2d 710, 718-19 (Ind.Ct.App.2010), trans. denied.