**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JUNE E. BULES**
Plymouth, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAUN A. FRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  50A03-1305-CR-170 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARSHALL SUPERIOR COURT
The Honorable Dean A. Colvin, Judge
Cause No. 50D02-1205-FD-233

**November 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Sometimes what appears to be a routine stop for law enforcement can evolve into a multiple-hour struggle with a belligerent and uncooperative intoxicated arrestee. Appellant-defendant Shaun A. Fry was convicted of Operating a Vehicle While Intoxicated Endangering a Person,[1] a class D felony; Resisting Law Enforcement,[2] a class A misdemeanor; and Operating a Motor Vehicle Without Ever Receiving a License,[3] a class C misdemeanor.

Fry now appeals, claiming that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial. Additionally, Fry asserts that the statute, pursuant to which he was convicted for operating a vehicle without ever receiving a license, impermissibly shifted the burden of proof and that the evidence is insufficient to support his conviction on that count. Finding that Fry did not knowingly, voluntarily, and intelligently waive his right to a jury trial as to the felony charges, but finding no other error, we affirm in part, vacate in part, and remand with instructions that Fry be granted a new trial on the felony count on which he was convicted.

### FACTS

At approximately 11:30 p.m. on May 12, 2012, Marshall County Deputy Sheriff Daniel Butt was driving southbound on U.S. 31 when he saw a vehicle traveling well above the speed limit. Deputy Butt activated his emergency lights and initiated a traffic

---

[1] Ind. Code § 9-30-5-3.

[2] Ind. Code § 35-44-3-3, recodified at Ind Code § 35-44.1-3-1.

[3] Ind. Code § 9-24-18-1.

stop. When he approached Fry, the driver, he smelled the odor of alcoholic beverage and noticed that Fry's eyes appeared bloodshot and his speech was slow. There were empty alcohol containers in the vehicle.

At that time, Deputy Sheriff Bryan Hollopeter, a certified breath test operator, arrived and assumed the investigation. Deputy Hollopeter also noticed the strong odor of alcoholic beverage emanating from the vehicle and that Fry had red, glassy eyes.

When Fry exited the vehicle upon Deputy Hollopeter's instruction, both deputies noticed that Fry was unsteady and had to place his hand on the vehicle for balance. When Deputy Hollopeter offered Fry a field sobriety test and a breath test, Fry refused both and attempted to leave. Deputy Hollopeter explained to Fry that he was under arrest, and after a brief struggle during which Fry refused to cooperate, Deputy Hollopeter turned Fry around and handcuffed him. Because Fry had refused the breath test, Deputy Hollopeter transported him to the hospital for a chemical test.

Fry did not understand why he was at the hospital and refused to exit the police vehicle; Deputy Hollopeter had to forcibly remove Fry from the vehicle. After Deputy Hollopeter finally managed to escort Fry into the hospital emergency area, Fry pulled away from him, causing Deputy Hollopeter to stumble and scrape his left forearm on the edge of the countertop, which resulted in bleeding. Fry also refused to cooperate with the nurses, and the attending physician told Deputy Hollopeter that if Fry refused to cooperate, there was nothing that the hospital staff could do.

Deputy Hollopeter called his superior, Deputy Butt, who advised him to transport Fry to the jail. After struggling with Fry again, Deputy Hollopeter placed Fry back in his police cruiser and transported him to the jail. Once they arrived, Fry refused to exit the vehicle, and Deputy Hollopeter had to pull him out. During the walk to the intake area, Fry tried to pull away from Deputy Hollopeter. When Deputy Hollopeter finally sat Fry down on a chair, Fry, who was angry, spat on the officer, and his saliva landed on the officer's left shoulder. After further investigation, Deputy Hollopeter learned that Fry has previously been convicted in Oregon for operating a vehicle while intoxicated.

On May 23, 2012, the State charged Fry with Count I, class D felony battery by bodily waste; Count II, class A misdemeanor operating a vehicle while intoxicated endangering a person; Count III, class A misdemeanor resisting law enforcement; and Count IV, class C misdemeanor operating a motor vehicle without ever receiving a license. On September 12, 2012, the State elevated Count II to a class D felony because Fry had a prior conviction.

On May 29, 2012, the trial court conducted an initial hearing with Fry in open court. During the initial hearing, the trial court advised Fry of his various constitutional rights including his right to a trial by jury. More specifically, the trial court explained that if Fry wanted a jury trial on his misdemeanor charges, he would have to make a written request at least twenty days prior to his scheduled trial date and that his failure to do so could result in waiver of his right to a jury trial.

4

On January 28, 2013, Fry requested a bench trial for March 21, 2013, which was granted. Neither Fry nor his counsel signed any document requesting the bench trial.

Fry's bench trial was held on March 21, 2013. Fry testified that he had resisted Deputy Hollopeter while the officer was lawfully engaged in his duties as a law enforcement officer. Fry further testified that he had received a driver's license in Washington State but that it had been suspended. Regarding the charge of battery by bodily waste, Fry explained that sometimes he spits when he speaks because his teeth are worn and that when he is upset, his saliva problem is exacerbated. Tr. p. 51-53.

The trial court found Fry guilty of Count II, class D felony operating a vehicle while intoxicated endangering a person; Count III, class A misdemeanor resisting law enforcement; and Count IV, class C misdemeanor operating a motor vehicle without ever receiving a license. The trial court found Fry not guilty of class D felony battery by bodily waste.

On April 10, 2013, the trial court held a sentencing hearing during which it sentenced Fry to concurrent terms of three years on Count II, one year on Count III, and sixty days on Count IV, for an aggregate term of three years imprisonment. Fry now appeals.

## DISCUSSION AND DECISION

### I. Waiver of Jury Trial

Fry argues that his convictions must be vacated and remanded for a new trial because he did not properly waive his right to a jury trial. The United States and Indiana

Constitutions guarantee the right to trial by jury. <u>Poore v. State</u>, 681 N.E.2d 204, 206 (Ind. 1997). That right may be waived so long as the defendant does so in a voluntary and intelligent manner. <u>Id.</u>

### A. Felony Waiver

A person who is charged with a felony has an automatic right to a jury trial. <u>Id.</u> at 207. Accordingly, it is presumed that the defendant has not waived his right to a jury trial unless he affirmatively acts to do so. <u>Id.</u>

Here, Fry was charged with two class D felonies and had an automatic right to a jury trial. At the time of the initial hearing, Fry had already been charged with one of those felonies; however, the trial court did not explain how to waive that right. Instead, the trial court explained to Fry and to the other defendants in the courtroom how to request a jury trial in a misdemeanor case. Initial Hearing Tr. p. 5. Although the record shows that on January 28, 2013, Fry filed an entry requesting a bench trial on March 21, 2013, that entry was not signed by Fry or his counsel. <u>See</u> <u>Anderson v. State</u>, 833 N.E.2d 119, 122 (Ind. Ct. App. 2005) (holding that because the defendant did not personally sign the waiver of right to jury trial for a felony offense or express his personal desire to waive his right to trial by jury, there was no affirmative action by the defendant to waive that right, and the waiver was therefore invalid). Thus, as the State concedes, there is no evidence in the record indicating that Fry knowingly, voluntarily, and intelligently waived his right to a jury trial. Therefore, we vacate Fry's conviction for class D felony operating a vehicle while intoxicated endangering a person and remand for a new trial.

6

## B. Misdemeanor Waiver

Indiana Criminal Rule 22 governs the procedure for asserting the right to a jury trial in misdemeanor cases. Duncan v. State, 975 N.E.2d 838, 842 (Ind. Ct. App. 2012). Rule 22 states:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Waiver does not exist where a defendant has not been advised of the consequences of failing to demand a jury trial no later than ten days before the scheduled trial date. Levels v. State, 972 N.E.2d 972, 974 (Ind. Ct. App. 2012). Additionally, the defendant must be aware that the demand for a jury has to be in writing. Id.

As noted above, at the initial hearing, the trial court advised Fry regarding asserting his right to a jury trial on his misdemeanor charges. Specifically, the trial court stated:

> Each of you have the right to a public and speedy trial in these matters, that trial can be either to the Court or to a jury, misdemeanor charges are initially set up for trial before the Court, if you desire a jury trial in a misdemeanor charge, you must make that request for that jury trial in writing at least twenty (20) days prior [to] the scheduled trial date, your failure to make that timely request for that jury trial in that manner could waive your right to a jury trial on a misdemeanor charge.

Initial Hearing Tr. p. 5.

7

At the outset, we observe that one glaring error is the trial court's statement that the demand for a jury trial must be made twenty days before trial instead of ten. However, Fry does not complain about this mistake, stating that it was "harmless" under his particular circumstances. Appellant's Br. p. 12 n.1.

Instead, Fry contends that the trial court erred by stating that if he failed to request a jury trial within the allotted time, he "<u>could</u> waive [his] right to a jury trial on a misdemeanor charge." Initial Hearing Tr. p. 5 (emphasis added). Fry contends that the trial court was obligated to advise him that if he failed to timely assert his right to a jury trial, his "right to a jury trial SHALL be waived." Appellant's Br. p. 12.

While we encourage trial courts to be precise when advising defendants and caution that there is a point where imprecision will require this Court to vacate convictions and remand for new trials, we cannot say that the imprecision which occurred in this case requires such extreme action. More particularly, Fry was informed that if he wanted a jury trial on his misdemeanor charges, he would have to request one in writing within a limited time period and that waiver was a probable consequence of his failure to do so. Compare Levels, 972 N.E.2d at 974 (holding that defendant did not knowingly and intelligently waive his right to a jury trial for misdemeanor offenses where the trial court's advisement consisted only of informing the defendant that he had the right to a jury trial; the trial court did not inform the defendant that he had to demand a jury trial in writing and within a particular time frame). Accordingly, this argument fails.

8

## II. Due Process

Fry contends that Indiana Code section 9-24-18-1, Indiana's statute prohibiting operating a vehicle while never having received a license, violates the Due Process Clause of the Fourteenth Amendment because it impermissibly shifts the burden of proof to the defendant to prove one of the elements. The State counters that Fry has waived this argument because he failed to file a motion to dismiss in the trial court.

Indiana Code section 35-34-1-6 provides several reasons why an information may be defective including "the statute defining the offense charged is unconstitutional or otherwise invalid." Furthermore, when an information is defective, it "shall be dismissed upon motion." Ind. Code § 35-34-1-6(c). "'Generally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal.'" Baumgartner v. State, 891 N.E.2d 1131, 1135-36 (Ind. Ct. App. 2008) (quoting Payne v. State, 484 N.E.2d 16, 18 (Ind. 1985)). Thus, because Fry failed to file a motion to dismiss, he has waived his constitutional challenge.

Waiver notwithstanding, Fry's argument fails on the merits. We presume that a statute is constitutional, and it is the defendant's burden to rebut this presumption. Id. at 1136. This Court resolves all reasonable doubts in favor of the constitutionality of the statute. Gaines v. State, 973 N.E.2d 1239, 1243 (Ind. Ct. App. 2012).

Fry is correct that the burden is on the State to prove all of the elements of a criminal offense beyond a reasonable doubt. Powers v. State, 540 N.E.2d 1225, 1227 (Ind. 1989). Nevertheless, it is the defendant who bears the burden to prove any

9

affirmative defense by a preponderance of the evidence. Neese v. State, 994 N.E.2d 336, 340 (Ind. Ct. App. 2013).

In determining whether a statutory exception is a material element of the offense that must be proven by the State beyond a reasonable doubt or an affirmative defense that must be proven by the defendant by a preponderance of the evidence, we look to the location of the exception relative to the definition of the principal offense. Id. Specifically, if the exception is closely associated with the clause creating the offense, then it is a material element of the offense that must be proven by the State beyond a reasonable doubt. Id. By contrast, if the exception is located in a subsequent clause or statute, it is an affirmative defense, and the onus is on the defendant to raise and prove the defense by a preponderance of the evidence. Id.

Indiana Code section 9-24-18-1, the challenged statute, provides in relevant part:

(a) A person, except a person exempted under IC 9-24-1-7, who knowingly or intentionally operates a motor vehicle upon a highway and has never received a valid driving license commits a Class C misdemeanor. However, the offense is a Class A misdemeanor if the person has a prior unrelated conviction under this section.

…

(e) In a prosecution under this section, the burden is on the defendant to prove by a preponderance of the evidence that the defendant had been issued a driver's license or permit that was valid at the time of the alleged offense.

Here, the exception is located in a subsequent clause, making it an affirmative defense that Fry was required to establish by a preponderance of the evidence. Thus, the

10

statute does not unconstitutionally shift the burden of disproving an element of the crime to criminal defendants and, specifically, to Fry.

### III. Sufficiency of the Evidence

In a related argument, Fry maintains that the State failed to prove beyond a reasonable doubt that he operated a vehicle without ever receiving a driver's license and that the trial court impermissibly relied upon Fry's failure to prove his affirmative defense that he had been issued a driver's license. Upon a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005). Rather, we consider only the probative evidence and reasonable inferences supporting the trial court's verdict. Id.

As stated above, Fry was charged with driving without ever receiving a driver's license. And subsection (e) required Fry to show by a preponderance of the evidence that he had a valid driver's license at the time of the offense to establish an affirmative defense.

Fry's driving record shows that his license was suspended for life at the time of the offense. State's Ex. 2. Furthermore, Fry testified that he had received a driver's license in Washington State but that it had been suspended. Tr. p. 49-50. Thus, Fry had a suspended driver's license at the time of the offense.

Notwithstanding our conclusion above, Fry points out that having a suspended driver's license is not the same as never having received a license and that the State failed to show that Fry had never received a valid driver's license. While Fry's argument seems

11

logical, it misses the mark insofar as an individual can have a suspended license even though that person never held a valid driver's license. For instance, Indiana Code section 9-24-18-1(d) states:

> The bureau shall, upon receiving a record of conviction of a person upon a charge of operating a motor vehicle while never having received a valid driving license, prohibit the person from receiving a driving license by placing a suspension of driving privileges on the person's record for a fixed period of at least ninety (90) days and not more than two (2) years. . . .

As indicated above, a suspension does not necessarily mean a suspension from an existing license. And based on the Oregon life suspension and Fry's Indiana driving record, which also shows a suspension, a reasonable fact-finder could have concluded that Fry never held a valid driver's license. State's Ex. 1-2. Consequently, this argument fails.

The judgment of the trial court is affirmed in part, vacated in part, and remanded with instructions to the trial court to hold a new trial on the charge of class D felony operating a vehicle while intoxicated.

FRIEDLANDER, J., and VAIDIK, J., concur.

12